IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| E.M., by and through her Natural Mother and Next Friend, KATIUSKA BENITEZ, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:19-cv-04221-MDH |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

## ORDER ON MOTION TO DISMISS

Before the Court is Defendant United States of America's ("the Government") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 32). Plaintiff has filed her Suggestions in Opposition (Doc. 35) and the Government has replied (Doc. 38), so the matter is now ripe for review. For the reasons set forth herein, the Government's motion is **GRANTED**. The above-captioned case is dismissed without prejudice.

## BACKGROUND

This case arises under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346 (b), 2671-2680. The Government seeks to dismiss the case for lack of subject matter jurisdiction, claiming that subject matter jurisdiction is lacking because 2-year-old minor Plaintiff E.M. did not exhaust her administrative remedies. Plaintiff alleges that she was injured on October 26, 2017 as a result of medical malpractice by obstetrician Brandi Nichols, M.D., an employee of Community Health Center of Central Missouri, a federally supported community health center. (Doc. 32, 6). Plaintiff alleges that the Court has jurisdiction under the FTCA because Plaintiff's administrative

claims were properly presented to the United States Department of Health and Human Services (HHS) and were denied. (Doc. 1).

On July 2, 2019, HHS, through the Office of General Counsel (OGC), received an administrative tort claim form titled "Claim for Damage, Injury, or Death," (a "Form 95") with a supplement naming E.M. as the claimant and claiming negligent injury to her on October 26, 2017. The Form 95 was executed by Donald Marshall. On October 30, 2019, HHS sent counsel for the claimants a letter stating that the claims were denied and that the evidence failed to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

## STANDARD

An action should be dismissed under Federal Rule of Civil Procedure 12(b)(1) if subject matter jurisdiction is successfully challenged on the face of the complaint or on the facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). It is to be presumed that a cause lies outside a federal court's jurisdiction, and the burden of establishing the contrary is on a party who invokes jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). The federal government and its agencies are immune from suit, absent a waiver of sovereign immunity. *Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260, 119 S. Ct. 687, 690 (1999). Such a waiver must be expressed unequivocally and is to be construed strictly in its scope in favor of the United States. *Blue Fox,* 525 U.S. at 261, 119 S. Ct. at 691; *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).

Moreover, when the United States consents to suit, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)).

Accordingly, "[a] district court lacks jurisdiction to hear a case against the United States unless its sovereign immunity has been waived, and the court's jurisdiction is limited by the scope of the waiver." *Kaffenberger v. United States*, 314 F.3d 944, 950 (8th Cir. 2003). When the United States invokes sovereign immunity as a ground for dismissal for lack of subject matter jurisdiction, the plaintiff bears a burden of proving that jurisdiction exists. *VS Ltd Partnership v. Department of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000); *Chayoon v. Chao*, 355 F.3d 141, 143 (2d Cir. 2004). Subject matter jurisdiction can never be waived or forfeited. *Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S. Ct. 641, 648 (2012).

## DISCUSSION

The FTCA is a limited waiver of the sovereign immunity of the United States. *Rollo-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020), *aff'g Rollo-Carlson v. United States*, 2019 WL 1243017 (D. Minn. 2019). Before bringing an FTCA action in federal court, a party must first exhaust administrative remedies. *Id*. As part of the administrative exhaustion requirement, the party must satisfy a "presentment" requirement by presenting the claim to the appropriate federal agency. *Id*.; *Mader v. United States,* 654 F.3d 794, 807 (8th Cir. 2011) (en banc); 28 U.S.C. § 2675(a). This presentment requirement is a jurisdictional prerequisite for an FTCA claim. *Rollo-Carlson*, 971 F.3d at 770; *Mader*, 654 F.3d at 806-808; *After v. United States*, 511 Fed. Appx. 596 (8th Cir. 2013), *aff'g Runs After v. United States*, 2012 WL 2951556 (D.S.D. 2012). The plaintiff in an FTCA action has the burden of pleading and proving satisfaction of the presentment requirement. *Harris v. United States*, 2018 WL 5726212, *2 (W.D. Mo. 2018); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).

The Government asserts that if a person asserts a claim on behalf of another person as the beneficiary of the claim, the presentment requirement includes the requirement that the claim

provide evidence of the representative's authority under state law to assert a claim on behalf of the beneficiary. *Mader*, 654 F.3d at 803-804; *Rollo-Carlson*, 971 F.3d at 770-771; *After*, 511 Fed Appx. at 597; *Parrott v. United States*, 2019 WL 3241174, *3-4 (W.D. Mo. 2019); *Harris*, 2018 WL 5726212 at *2-3. This evidence must be presented with, or at least during the pendency of, the administrative claim, and before an FTCA action is commenced. *Rollo-Carlson*, 2019 WL 1243017 at *2-5.

The Government contends that Plaintiff failed to satisfy the presentment requirement, because Donald Marshall did not submit to HHS that he or any other person had authority to assert a claim on behalf of E.M., or provide evidence that Donald Marshall was at any time appointed as next friend, guardian, or conservator of E.M. (Doc. 32, 4). Plaintiff argues that Donald Marshall had the authority to submit the administrative claim as E.M.'s parent; that Donald Marshall submitted evidence that he was E.M.'s parent; and that administrative claims of minors warrant special protections. (Doc. 35 *generally*). It is undisputed that Donald Marshall had not been appointed a next friend, guardian or conservator of E.M., and he did not provide evidence to the HHS as to that matter.

In *Mader*, the Eighth Circuit held that "a properly 'presented' claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." *Mader*, 654 F.3d at 803. In *Mader*, a patient's widow made an administrative claim arising from a wrongful death action. *Id*. at 798-99. Ms. Mader had made an administrative claim, purporting to act as the personal representative of Mr. Mader's estate, but did not provide evidence of such status, and did not respond to requests for such evidence. *Id*. Under Nebraska law, a wrongful death action could only be brought by the decedent's personal representative. *Id*. at 801. A personal representative could settle a claim, though only after court approval of the settlement

terms. *Id*. at 801 n.6. The Eight Circuit found that the fact that Ms. Mader had not presented evidence of her authority in the administrative claim was alone sufficient to preclude district court jurisdiction. *Id*. at 802.

Ultimately, the issue is whether or not Donald Marshall had the authority to make or settle a tort claim on behalf of E.M. Under Missouri law, a suit by a minor may be commenced and prosecuted only by such duly appointed next friend, guardian or conservator. R.S. Mo. § 507.110. Such appointed representative of a minor may also settle a claim of the minor upon court approval. R.S. Mo. § 507.184(2). This Court has said that even a minor's parent must be judicially appointed to serve as the minor's representative. *Elmore v. Mansfield*, 2013 WL 2666167, *1 (W.D. Mo. 2013). Absent court appointment, such natural guardian is unable to enter into a binding settlement of a minor's claims. *Id*. at *2. Plaintiff does not dispute this legal requirement but argues that Donald Marshall properly brought a claim and that a court appointment regarding settlement can take place after the claim is filed. (Doc. 35, 8).

The Eighth Circuit has been clear on the issue in *Mader*. Under the Nebraska law applicable in that case, a personal representative of the decedent in a wrongful death claim could finally settle a claim only after court approval of the settlement. *Mader*, 654 F.3d at 801 n. 6. Though Ms. Mader had previously been Mr. Mader's personal representative—and she apparently remained a viable candidate for reappointment—the Eighth Circuit held hat the district court did not have jurisdiction over Ms. Mader's action because she had failed to provide in the administrative claim evidence of her authority to act on behalf of wrongful death beneficiaries under state law. *Id*. at 801-03. The court in *Mader* found that, without evidence that the claimant had the authority to settle claims, a government agency could not definitively discern that any negotiations by Ms. Mader or any agreement with her on behalf of the claim's beneficiaries, including a release of claims, would

have been ineffective. *Id*. at 802. *See also, Reo v. U.S. Postal Serv.*, 98 F.3d 73, 76, 78 (3d Cir. 1996) (holding that because parents had no state law authority to settle their child's FTCA claim, the administrative settlement was "incomplete as a matter of state law"). Therefore, the Court agrees with the Government's contention that federal agencies, in trying to resolve administrative claims, are not required to deal with a party who has not provided evidence that they have the authority to negotiate a settlement only to find out later whether or not they were dealing with the right person to do so.

Plaintiff also argues that even if Donald Marshall did not have authority to submit a claim on behalf of E.M., the Bartimus Frickleton law firm had authority to do so. (Doc. 35, Ex. 7). The Court agrees with the Government that this does not cure the deficiency in the claim made on behalf of E.M. (Doc. 38, 6). Plaintiff provides no basis for concluding that the Missouri requirement that a minor be represented in a claim or settlement by a duly appointed next friend, guardian, or conservator is nullified when an attorney is involved. The law firm also submitted no evidence that it was duly appointed to represent E.M. in the claim. In *Mader*, Ms. Mader's attorney signed the Form 95 and submitted it to the agency, but this did not negate the deficiency in her claim. *Id*.

Ordinarily, minors receive special protection under the law. "The district courts that have considered the issue have uniformly decided that minor children are not barred from civil suit because of technical defects in the underlying administrative claim." *Hilburn v. United States*, 789 F. Supp. 338, 341–42 (D. Haw. 1992) (finding that a minor child should not be denied the right to pursue an FTCA suit where "(1) an administrative claim had been filed by the child's legal representative or guardian and (2) such participation does not alter the nature or the amount of the administrative claim"). *See also, Endsley v. U.S.*, 818 F.Supp 252, 253-54 (S.D.Ind. 1992) ("so

long as the evidence of authority can be provided by the claimant at some point prior to the incurring of real prejudice to the administrative agency" dismissal is not warranted). "To construe the law and regulations as permitting a valuable right of minor children to be destroyed by the failure of the 'guardian' to show for whom she is acting in that alleged capacity seems…to be unwarrantably harsh." *Young v. U.S.*, 372 F.Supp. 736, 739 (D.S.D. 1974).

However, the Eighth Circuit has also made clear that its strict presentment requirement for FTCA claims may not be subject to an exception for minors. This is referenced by the Court in *Mader*:

> Similar representation problems may also extend beyond the wrongful death context. Indeed, FTCA claims involving questions of age, competency and numerosity, among others, will often require the appointment of an agent or trustee.

654 F.3d at 803. In addition, in *After v. United States*, 511 Fed. Appx. 596 (8th Cir. 2013), the court affirmed a dismissal of an FTCA claim asserted on behalf of a minor, on the ground that authority to bring a claim on the minor's behalf was not presented in the administrative claim. *Id*. at 597. The Eighth Circuit court in *After* expressly declined to create an extenuating circumstances exception that would save the minor's claim. *Id*.

This Court recognizes that the result here is harsh and unfortunate given the facts of this case. This case's failure is due to a technicality which may well have been curable upon notice of the deficiency from the Government at an earlier time than provided with this present Motion. This notice is the type of information that citizens should have every reason to expect their government to provide. However, as described above, the clear direction to this Court given by the Eighth Circuit precedent requires dismissal pursuant to Rule 12(b)(1).

## CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 32) is **GRANTED.** It is **ORDERED** that the above-captioned case be dismissed without prejudice

**IT IS SO ORDERED.**

Dated: November 25, 2020     　　　　　　　　　　　　　　　　 */s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**